# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10664
Summary Calendar

————————

Marcus L. Willis,

*Plaintiff—Appellant*,

*versus*

Western Power Sports, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1251

———————————————————

Before Southwick, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Marcus L. Willis filed a postjudgment motion, pursuant to Federal Rule of Civil Procedure 60(d)(3), seeking to set aside the district court's judgment dismissing his civil complaint based upon fraud on the court. The district court denied Willis's motion, which sought to reopen a "closed case" that had been affirmed on appeal. *See Willis v. Western Power Sports, Inc.*, No.

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10664

23-10687, 2024 WL 448354 (5th Cir. Feb. 6, 2024) (unpublished). Willis now moves this court to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Willis will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP motion, Willis does not meaningfully challenge the district court's conclusion that offering monetary compensation to resolve a lawsuit does not alone amount to wrongdoing. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We do not consider Willis's allegations concerning defense counsel, Michelle Mishoe Miller, which involve new facts and a new theory of relief presented for the first time on appeal. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, Willis has failed to show a nonfrivolous issue with respect to the district court's denial of his postjudgment Rule 60(d) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Willis's motion to reverse and vacate the district court's decision is likewise DENIED.